159 A.3d 431

IN THE MATTER OF DAVID CHARLES BERMAN, AN
ATTORNEY AT LAW (ATTORNEY NO. 003341986)

May 4, 2017

**ORDER**

The Disciplinary Review Board having filed with the Court its decision in DRB 16–096, concluding on the record certified to the Board pursuant to *Rule* 1:20–4(f)(default by respondent), that **DAVID CHARLES BERMAN,** formerly of **MORRISTOWN,** who was admitted to the bar of this State in 1986, should be suspended from the practice of law for a period of two years for

violating *RPC* 1.1(a)(gross neglect), *RPC* 1.1(b)(pattern of neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b)(failure to keep a client reasonably informed about the status of a matter), *RPC* 1.4(c)(failure to explain a matter to the extent reasonably necessary to allow the client to make informed decisions), *RPC* 1.16(a)(1)(failure to withdraw from a representation if that representation would result in the violation of the *RPC*s), *RPC* 3.3(a)(5)(failure to disclose to the tribunal a material fact), *RPC* 3.4(c)(knowingly disobey an obligation under the rules of a tribunal), *RPC* 5.5(a)(1)(practicing law while ineligible), *RPC* 8.1(b) and *Rule* 1:20–3(g) (failure to cooperate with disciplinary authorities), *RPC* 8.4(a)(knowingly violate the *RPC*s), *RPC* 8.4(c)(conduct involving dishonesty, fraud, deceit or misrepresentation), and *RPC* 8.4(d)(conduct prejudicial to the administration of justice);

And the Disciplinary Review Board having further concluded that prior to reinstatement to the practice of law, respondent should be required to submit to the Office of Attorney ethics proof of his fitness to practice law;

And good cause appearing;

It is ORDERED that **DAVID CHARLES BERMAN** is suspended from the practice of law for a period of two years, effective immediately, and until the further Order of the Court; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit to the Office of Attorney Ethics proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files

proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(d); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.